# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

---

MENDEL SPIRA,

        Plaintiff,

-against-

CAPITAL ONE BANK, MALEN & ASSOCIATES PC and HASHEM HUSSEIN,

        Defendants,

-------------------------------------------------X

Index No. 008629

S U M M O N S

Plaintiff's Residence Address

153-38 81st Street

Howard Beach, NY 11414

Defendant's address:

1361 42nd Street

Brooklyn, NY 11219

The basis of this venue is

Plaintiff's address

MAR 2 6 2018

CIVIL COURT
KINGS COUNTY

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Kings, at the office of the Clerk of said Court, at 141 Livingston Street, Brooklyn, New York 11201, within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of $25,000.00 with interest from January 24, 2018 together with the costs of this action.

Dated: March 5, 2019

*[signature]*

Edward B. Geller, Esq., P.C.

Attorney for Plaintiff

15 Landing Way

Bronx, New York 10464

Note the law provides that:

a) If this summons is served by its delivery to you personally within the City of New York, State of New York, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, State of New York, or by publication, or by any means other than personal delivery to you within the City of New York, State of New York, you are allowed THIRTY DAYS after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

```
                   ... OF NEW YORK
...............
--------------------------------------------X

MENDEL SPIRA,                              Index No

               Plaintiff

       -against-                           COMPLAINT



MALEN & ASSOCIATES PC and
HASHEM HUSSEIN,                            Defendant(s)
--------------------------------------------X
```

Plaintiff MENDEL SPIRA ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendants CAPITAL ONE BANK, MALEN & ASSOCIATES PC and HASHEM HUSSEIN (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of §1692 et seq of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff MENDEL SPIRA is a resident of the State of NEW YORK, residing at 1361 42ND STREET, BROOKLYN, NY 11219.

3. Defendant CAPITAL ONE BANK is a VIRGINA corporation with an address at 1680 CAPITAL ONE DRIVE, MCLEAN, VA 22102

[...] MALEN & ASSOCIATES [...] address of 123 FROST STREET, WESTBURY, NY 11590

5. Defendant HASHEM HUSSEIN is a business entity licensed with the City of New York Department of Consumer Affairs (DCA) in NEW YORK with an address of Brooklyn, NY 11219

6. The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3)

7. The Defendant [...] is a [...] "debt collector" as defined and used in the FDCPA under 15 USC §1692a (6)

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein

9. During collection efforts initiated by Defendant MALEN & ASSOCIATES P.C. against Plaintiff, Defendant HASHEM HUSSEIN was hired to serve and file a summons and complaint against Plaintiff

10. HASHEM HUSSEIN filed with the Kings County Civil Court, State of New York, an affidavit of service which stated he had served said pleadings upon the Plaintiff on 1/24/2018 at 12:22 pm at 1361 42ND STREET, BROOKLYN, NY 11219 by handing a copy to "Chavi Twerski". The description of Mrs. Twerski was that she was a white female around 43 years old, brown hair, 5ft 7inches and weighed about 120 pounds. The Plaintiff never received a copy of the summons since he was out of the country during the time of service. Nor does he know a person by that name or description

11. Since the Plaintiff never received a copy of the summons he did not respond to the

[illegible text] a default judgment being entered against him.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

12.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13.  15 USC §1692 e - preface prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt.

14.  Defendant has violated 15 USC §1692 e – preface when it made false claims of proper service of process for the purpose of obtaining, under false pretenses, a default judgment in the Kings County Civil Court. Defendants claimed to complete service of process upon Plaintiff at his place of residence at 1361 42ND STREET BROOKLYN, NY 11219. Defendants have together instituted a policy of negligently and deceitfully failing to confirm the veracity of consumer information in their haste to pursue debt collection from the maximum number of consumers possible and thereby implement deceitful means and methods to obtain default judgments from consumers without their knowledge.

15.  15 USC §1692 f –preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

16.  The Defendant violated 15 USC §1692 f – preface by unfairly and unconscionably using lies and reprehensible and malicious means and methods to deceive the Court into granting default judgments which allows the Defendants to damage Plaintiff and other debtors and consumers.

## SECOND CAUSE OF ACTION
*(Intentional Abuse of Service of Process)*

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. Abuse of process is improper use of a civil or criminal legal procedure for an ulterior purpose. It arises from the misuse of duly issued civil or criminal court process that is not justified by the underlying legal action. Abuse of process includes litigating actions in bad faith intended to delay the delivery of justice. Examples include serving legal papers on persons which have not actually been filed and, as in the instant case, falsely claiming service has been accomplished when it has not.

In 2010, in response to proven abuse by debt collectors to engage in "sewer service," the City Council of New York passed Local Law 7, requiring process servers to keep detailed records of where they serve papers and to use GPS tracking to confirm they appeared where they said they appeared. The GPS records are held by third-party companies. Since that law was passed, the number of registered process servers in New York has been cut in half, from over 2,000 to just over 1,000. Aware of this, Defendant chose not to use a registered process service, but instead ordered agents and/or employees to sign falsified affidavits of service. A false, fraudulent, or perjurious declaration of service of process misuses "the power of the court, it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice." *Meadows v. Bakersfield Savings & Loan Assoc.*, (1967) 250 Cal. App. 2d 749, 753, 59 Cal. Rptr. 34, 37. Because the process server acts with the imprimatur of the court, his misconduct cannot be tolerated. "To establish a cause of action for abuse of process, a plaintiff

using the process and 2) committed a willful act in a wrongful manner." (_____ v. _____ Insurance Group_ (1986) 41 Cal 3d 782, 792 [226 Cal Rptr 90, 718 P 2d 77], internal citations omitted.)

### (1) Ulterior Motive

19. Defendants deliberately and intentionally filed with the Clerk of the Kings County _____ specifically that service of process was made upon Plaintiff when it was not and for the ulterior _____ of Defendants for the purpose of debt collection.

### (2) Commission of Willful Act in a Wrongful Manner

20. Defendants willfully and intentionally used dishonest means and methods to accomplish debt collection objectives, wrongfully deceiving the Court into granting a default judgment against Plaintiff and others. Defendants knew that service of process was not accomplished, and that Plaintiff had no knowledge of Defendants' Summons and Complaint and yet wrongfully and deceitfully filed a bogus affidavit of service. Defendants' unscrupulous means and methods of falsifying service of process are part of a strategy which depends upon deliberately concealing Defendants' intentions from their targeted prey such as Plaintiff which, were they actually and truthfully served process, would be revealed, thereby preventing consumers and Plaintiff from learning of Defendants' actions and having their day in court to their detriment until it is too late. Defendants have thus used the process in a perverted manner to obtain a collateral objective (_Board of Educ. v Farmingdale Classroom Teachers Assn_, 38 NY2d 397 [1975]).

[text illegible] ... used a collection agency intentionally filed actions in improper counties in order to impair the purported debtors' ability to litigate the dispute and to coerce easy settlements, the Court concluded "Plaintiffs have sufficiently alleged facts which, if true, demonstrate that the agency has in the past been continually committing a gross 'abuse of process' and that the agency threatens to continue this unlawful, tortious conduct in the future."

22.  As a result of Defendants' wrongful and dishonest actions in collecting the purported debt, Defendants are liable to Plaintiff for damages sustained because of Defendants' failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA), and other violations of the FDCPA and for malicious and abusive service of process.

## THIRD CAUSE OF ACTION against ALL DEFENDANTS

### (Violations of NY General Business Law § 349)

#### COUNT I

##### (Deceptive Trade Practices)

23  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein

24  Plaintiff is a consumer as that term is defined in New York General Business Law

25. [text partially illegible] described in NY GBL Sec. 349, a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

26. An unfair or deceptive practice in the conduct of any trade or commerce is unlawful pursuant to NY GBL Sec. 349.

27. [text partially illegible] their intention and decision to file a lawsuit against Plaintiff through the proper means of service of process and notification of same.

28. The false information given by Defendants constitute false and misleading acts which were vexatious, wanton, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer and amounts to unfair and deceptive trade practices in violation of NY GBL Sec. 349.

29. Defendants' actions and conduct would be offensive to persons of ordinary sensibilities.

30. Defendants' actions and conduct were not privileged, were deceptive, and intent on obtaining a default judgment against Plaintiff.

31. Each verbal and written statement of Defendants stating that Plaintiff was served process and was apprised of Defendants' actions and was knowingly in default is an unfair, deceptive and separate violation of NY GBL Sec. 349 a)

32. Each attempt by Defendants to characterize Plaintiff as apprised of a lawsuit against him is an unfair, deceptive and separate violation of NY GBL Sec. 349 a)

33. Defendants described acts and practices offend established public policy and/or

consumers and are therefore unfair in violation of NY GBL Sec. 349.

34. Defendants' described acts and practices involved material representations, omissions or practices that misled and deceived Plaintiff and have been shown to have mislead other consumers acting reasonably under the circumstances and were therefore deceptive in violation of NY GBL Sec. 349 a).

35. Pursuant to NY GBL Sec. 349, Plaintiff is a consumer who is injured by unfair and deceptive trade business practices, is entitled for each unfair and deceptive trade business practice to be awarded a sum not less than $1,000.00 or threefold any damages, and also for attorneys' fees together with costs of this action.

## COUNT II

### (Bad Faith)

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. Defendants owed Plaintiff a fiduciary duty to deal with him in good faith and in a fair manner.

38. Defendants failed to deal with Plaintiff in good faith and in a fair manner by failing to serve him properly which would have informed the Plaintiff of the fact that Defendants had filed a lawsuit against him, and a default Judgment had been granted.

39. As a result of Defendants' actions and conduct, Plaintiff has suffered various

## COUNT III

### *(Misrepresentation)*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41. Defendants have contacted various third parties regarding the debt including the instant agency and/or collection efforts omitting material facts and making numerous false representations to Plaintiff for the obvious purpose of concealing from Plaintiff their intent to obtain a default judgment against him.

42. Defendants knew or should have known that their misrepresentations were false, misleading, vexatious, willful, wanton and malicious and that Plaintiff would be unaware of Defendants' actions to his detriment.

43. Plaintiff asserts his claim for punitive damages for willful, wanton, vexatious and malicious misrepresentations in such amounts as will be proven at trial.

## COUNT IV

### *(Defamation)*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "43" herein with the same force and effect as if the same were set forth at length herein.

45. Defendants negligently and/or recklessly and/or intentionally published or caused to

46. The actions by Defendants lacked any justification or privilege and were an abuse of legitimate legal means so as to improperly litigate while knowing that the Plaintiff was not cognizant of such actions.

47. As a direct and proximate result of the defamation by Defendants, Plaintiff has [illegible] as shall be proven at trial and further claims for punitive damages for wrongful acts.

## COUNT V

### (Negligent Infliction of Emotional Distress)

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

49. Defendants owed Plaintiff a duty to avoid negligently inflicting severe mental and emotional distress upon Plaintiff, which continues currently.

50. Defendants caused Plaintiff to suffer severe mental and emotional distress by placing him in a position of having a default judgment be entered against him.

51. As a direct and proximate result of the wrongful actions and/or omissions of Defendants, Plaintiff suffered humiliation, embarrassment, severe anxiety, pain and mental anguish all to his damage.

52. As a direct and proximate result of the intentional and/or negligent and/or reckless

## COUNT VI

*(Intentional Infliction of Emotional Distress)*

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

54. Defendants had a duty to avoid intentionally inflicting severe and emotional distress upon Plaintiff.

55. Defendants breached their duties by causing Plaintiff to suffer extreme and egregious mental and emotional distress, by intentionally and/or recklessly, willfully, and maliciously misleading him regarding his rights to be aware of Defendants' proposed legal actions against him and other wrongful and misleading acts with full knowledge of the extreme and severe damage to his health and wellbeing it caused.

56. As a direct and proximate result of the intentional wrongful actions and conduct and/or omissions of Defendants as alleged above, Plaintiff's health and wellbeing were damaged causing Plaintiff severe pain and mental anguish, all to his damage.

57. As a direct and proximate result of the intentional, willful, wanton and malicious acts and conduct to and against Plaintiff, Defendants caused Plaintiff harm, including the infliction of emotional distress and pain, mental anguish and anxiety. Plaintiff demands consequential, special, general and punitive damages in such amounts as will be proven at trial.

## COUNT VII

### (Tort of Outrage)

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "57" herein with the same force and effect as if the same were set forth at length herein.

59. Plaintiff is a person and a consumer who is entitled to good faith and fair dealing due to the malicious, willful and wanton acts and conduct of Defendants which was extreme and outrageous was caused severe emotional distress, mental anguish and anxiety by Defendants wrongfully and falsely deceiving him into defaulting and manufacturing false records to represent that he was served process and wrongfully placing his credit rating and personal capacity in jeopardy.

60. As a direct and proximate result of the intentional and/or negligent and or reckless infliction of emotional distress, Plaintiff demands special, general and punitive damages in such amounts as shall be proven at trial.

## COUNT VIII

### (Unconscionability)

61. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through 60 herein with the same force and effect as if the same were set forth at length herein.

62. Defendants have engaged in unconscionable behavior and acts to the detriment of Plaintiff, including but not limited to failing to properly serve process upon Plaintiff in a timely

[text illegible] knowledge of Defendant's conduct.

63.  As a direct and proximate result of the intentional and/or negligent and or reckless infliction of emotional distress, Plaintiff demands special, general and punitive damages in such amounts as shall be proven at trial.

64.  As a result of Defendants' violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.  For actual damages provided and pursuant to 15 USC §1692k (a) (1) in the amount of $25,000.00;

B.  For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C.  For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D.  For attorneys' fees and costs provided and pursuant to 15USC§1692(a)(3).

E.  A declaration that the Defendants' practices violated the FDCPA.

F.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

By _____
Edward B. Geller, Esq
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone (914) 473-6783

*Attorney for the Plaintiff MENDEL SPIRA*

## AFFIRMATION

I, Mendel Spira, under the penalty of perjury, deposes and say:

I am the Plaintiff in the above entitled action. I have read the foregoing ... the same are true to my knowledge, except as to matters ... alleged on information and ... as to such matters I believe them to be true.

Mendel Spira

_____ [Preston]

Plaintiff

Affirmed before me this ___ day of _____, 2018

Notary Public